## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

RHONDA A. KING,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )          Case No. CIV-15-442-KEW
                                   )
NANCY A. BERRYHILL, Acting         )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )

## OPINION AND ORDER

Plaintiff Rhonda A. King (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act.  Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled.  For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 25, 1968 and was 45 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as an EKG/EEG technician at a hospital, residential care coordinator at an2011 assisted living facility, and the services director at a nursing home. Claimant alleges an inability to work beginning June 1, 2011

due to limitations resulting from anxiety attacks, shoulder, back, and neck pain, and migraine headaches.

## Procedural History

On July 12, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 22, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Luke Liter in Tulsa, Oklahoma. By decision dated March 21, 2014, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review of the ALJ's decision on September 16, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to find Claimant's impairments meet or equal a listing; (2) failing to properly evaluate opinion evidence; and (3) performing an improper credibility analysis.

## Consideration of the Listing

In his decision, the ALJ found Claimant suffered from the severe impairments of a mood disorder, pain disorder, borderline personality disorder, spine impairment, and lumbar radiculopathy. (Tr. 17). The ALJ determined Claimant retained the RFC to perform a full range of light work. (Tr. 20). In so doing, he found Claimant was limited to lifting/carrying and pushing/pulling 20 pounds occasionally and 10 pounds frequently; sitting for six hours and standing or walking for six hours in an eight hour workday; no climbing ladders, ropes, or scaffolds, but occasionally climbing ramps and stairs. Claimant could also occasionally stoop, kneel, crouch, and crawl. The ALJ determined Claimant was unable to tolerate exposure to hazards such as unprotected heights or dangerous moving machinery parts. Claimant was limited to simple and some complex tasks (defined as semi-skilled work with a specific vocational preperation (SVP) of 3-4). Claimant's contact with the public, co-workers, and supervisors should be superficial (defined as brief and cursory contact). (Tr. 20).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of office helper, sorter, and clerical mailer, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 29-30). As a result, the ALJ determined Claimant was not under a disability from June 1, 2011 through the date of the decision. (Tr. 30).

Claimant contends the ALJ should have determined that she met or equaled Listing 5.08 regarding digestive disorders. At step three, Claimant bears the burden of demonstrating that her condition meets or equals all of the specified criteria of the particular listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Claimant specifically asserts she meets the requirements for Listing 5.08, which requires "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI (Body Mass Index) of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." 20 C.F.R. § 404, Subpt. P, App. 1, Listing 5.08 (emphasis omitted). The formula for calculating a person's BMI is: BMI = Weight in pounds / (Height in Inches x Height in Inches) x 703. See Id. § 5.00(G)(2)(b).

The ALJ recognized Claimant suffered from gastritis, but concluded the condition imposed no more than minimal limitations. (Tr. 18). The problem in this case appears to be an accurate measure of Claimant's height. In a record from August 14, 2012, Claimant's height is recorded as 63" and her weight at 100 pounds. (Tr. 334). This would result in a BMI of 17.71. Claimant is pulling the height measurement from one record and applying it to a different point in time. In order to accurately compare Claimant's fluctuations in the BMI, the height measurement within the same record should logically be utilized in the mathematical BMI formula. Thus, Claimant's BMI on August 14, 2012 does not meet the criteria of Listing 5.08. Indeed, the record also cited by Claimant from November 26, 2012 indicates Claimant's height was 62" and her weight was 101 pounds. (Tr. 588). This would result in a BMI of 18.47, also outside of the requirements of Listing 5.08. As a result, Claimant has failed to meet her burden of demonstrating that she met or equaled Listing 5.08.

Claimant also contends she meets or equals Listing 5.06B5. To meet this Listing, Claimant must show she suffers from "[i]nflammatory bowel disease (IBD) documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with:

* * *

5. Involuntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms, or BMI, present on at least two evaluations at least 60 days apart." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 5.06B5.

Claimant has failed to identify a diagnosis in the record of inflammatory bowel disease documented by one of the approved diagnostic measures. Claimant only cites to a reference to a thickening of the colon wall in the face of repeated biopsies which were negative. (Tr. 441, 369, 421-23, 429, 432, 438). Moreover, the medical records cited do not document a ten percent weight loss over a 60 day period – only a single ten pound weight loss between two visits. Claimant has again failed to demonstrate that she meets or equals Listing 5.06B5.

## Evaluation of the Opinion Evidence

Claimant contends the ALJ improperly evaluated and rejected the opinion of consultative mental examiner, Dr. Beth Jeffries. On October 27, 2012, Dr. Jeffries completed a mental status examination of Claimant. Dr. Jeffries diagnosed Claimant with pain disorder, mood disorder, NOS, and borderline personality disorder, provisional. (Tr. 530). She concluded her report by stating

> I believe that although she might have the ability to
> maintain concentration over an 8 hour work day, and a 40

8

hour work week, due to personality disturbance and mood lability she likely could not do so consistently. I do not believe she could manage pace or flexibility within an occupational setting without becoming emotionally labile, and potentially acting out on her frustrations with aggression. She demonstrated adequate social skills, but a manipulative quality was strongly present. She has the ability to understand simple and complex instructions, and she likely could retain the information but may struggle to implement those instructions as needed. Prognosis is guarded at best, given the strong likelihood of a personality disorder pattern.

(Tr. 531).

The ALJ gave Dr. Jeffries' opinion "little weight". His sole basis for doing so was that Claimant reported she had no drug use for eight years when the evidence indicated Claimant had used drugs on multiple occasions. The ALJ then called all of Claimant's statements to Dr. Jeffries into question and the rejection of the opinion. (Tr. 24). The problem with the ALJ's evaluation of Dr. Jeffries' opinion is he bases his rejection entirely upon one inaccuracy in Claimant's statements to the consultative examiner without recognizing that Dr. Jeffries administered objective testing and noted probable manipulation in her professional evaluation. Yet, Dr. Jeffries found limitations in her ability to engage in basic work activities. She did not accept Claimant's testimony without qualification or condition.

The ALJ is required to evaluate every medical opinion. <u>Salazar</u>

v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006). Even non-treating consultative physician's opinions must be evaluated under the factors listed in 20 C.F.R. §§ 1527(d) and 416.927(d). Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301

10

(quotations omitted).  The single basis for the wholesale rejection of Dr. Jeffries' opinion did not provide a specific and legitimate basis for entirely discounting the opinion.  On remand, the ALJ shall reassess Dr. Jeffries' opinion, noting her stated professional opinion on Claimant's manipulation yet reaching an opinion on Claimant's occupational abilities.

Claimant also challenges the manner in which the ALJ evaluated the third party statement of Claimant's daughter.  This Court finds the ALJ's evaluation of this opinion evidence to be well-supported by the record.

### Credibility Determination

Claimant's testimony regarding her level of limitation and pain was questioned by the ALJ.  He cited to specific portions of the record which were directly inconsistent with Claimant's testimony.  This Court finds no error in the analysis.  However, since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims – what heretofore has been known as "credibility" assessments.  Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996).  Given the fact this case is being remanded on other

grounds, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 31st day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE